On Application for Rehearing.
In the application for rehearing it is urged that the amount awarded by the jury and affirmed by this court is excessive, and that this court assigned no reason fob the amount of damages allowed. It was entirely unnecessary to go into details of plaintiff’s injury.
The testimony of the physicians show that her injuries were severer than mere bruises or contusions, and that the injuries inflicted were more than temporary. She was not well at the trial of the case and exhibited her injuries had to the jury. Dr. Butterworth, a competent physician, says that at the time of his testimony she suffered some, and this must be a necessary consequence of the condition of the hand, which he describes as having the outside bone of the hand fractured near the bone of the little finger; that she seemed to be nervous, and that the third and fourth Angers were stiff. This was the condition of the hand a few days before the trial. Besides, it is shown that the plaintiff was hurt about the shoulders; that her left leg was dark and bruised.
It is true the first physician who saw her discovered no fracture of the bone of the hand, but it is asking too much of this court to believe that the broken bone was a self-inflicted injury.
*1445 From the condition of the plaintiff when she received her injuries and when she appeared in court, we are satisfied her suffering from the time of the accident until the trial was severe and painful. Dr. Butterworth says that the probabilities are that the plaintiff will never have her hand restored to its first healthful condition.
Under the circumstances of the case and the testimony in the record, the jury assessed the damages at a reasonable amount, and had we been disposed to interfere with the verdict we would have increased rather than diminished the amount of damages.
The cases referred to in the brief of defendants are, with few exceptions, those in which temporary injuries were suffered and the inconveniences to plaintiffs were limited.
Rehearing refused.